UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, Clayton Johnson, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, <br><br> Plaintiffs, <br><br> v. <br><br> Circle B Excavating, Inc. and Brian Backstrom, individually, <br><br> Defendants. | Civil No. 13-142 (DWF/AJB) <br><br><br><br><br><br><br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT** |

This matter came on for hearing before the undersigned June 28, 2013 on

Plaintiffs' Motion for Default Judgment and Injunction pursuant to Rules 54, 55, and 65

of the Federal Rules of Civil Procedure. Jennifer A. Jameson of McGrann Shea Carnival

Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on January 16, 2013. The Summons and Complaint were served upon the Defendants on January 29, 2013.

2. Circle B and Backstrom failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on March 1, 2013.

4. Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. Circle B accepted and agreed to be bound to the terms of a collective bargaining agreement between the Highway, Railroad and Heavy Construction Division of the Associated General Contractors of Minnesota and the International Operating

Engineers Local #49 covering the period of May 1, 2011 through April 30, 2014 ("Collective Bargaining Agreement").

8. Backstrom executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

9. The Welfare Participating Agreement provides that Circle B and Backstrom shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

10. By executing the Welfare Participating Agreement, Backstrom agreed to bind both Circle B and himself individually to the full and faithful performance of the Welfare Participating Agreement.

11. The Collective Bargaining Agreement and Welfare Trust Agreement require Circle B and Backstrom to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement and Welfare Trust Agreement further require Circle B and Backstrom to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with Circle B's and Backstrom's monthly contribution payment.

13. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

14. Circle B and Backstrom breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to submit the reports and contributions due and owing for the period of October 2012 through the March 2013.

15. Pursuant to the remittance reports untimely submitted by Circle B and Backstrom for the period of October 2012 through March 2013, $45,930.38 is due and owing for delinquent contributions. Of that amount, $21,675.63 is due and owing solely to the Health and Welfare Fund.

16. Following the filing of this lawsuit, Circle B and Backstrom submitted partial payments in the total amount of $20,645.55 for which they are entitled to a credit. Following application of the payments, $25,284.83 remains due and owing for the period of October 2012 through March 2013. Of that amount, $11,972.22 is due and owing solely to the Health and Welfare Fund.

17. The Collective Bargaining Agreement and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

18. Liquidated damages in the amount of $6,889.56 are due and owing for the period of October 2012 through March 2013. Of that amount, $3,251.34 is due and owing solely to the Health and Welfare Fund.

19. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## CONCLUSIONS OF LAW

1. Circle B and Backstrom are in default and the Funds are entitled to entry of a default judgment.

2. Circle B is liable to the Funds in the amount of $32,174.39 for delinquent contributions and liquidated damages for the period of October 2012 through March 2013.

3. Backstrom is liable in the amount of $15,223.56 for delinquent contributions and liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the period of October 2012 through March 2013.

4. Circle B and Backstrom are jointly and severally liable to the Funds in the amount of $2,958.58 for attorney fees and costs.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS ORDERED** that:

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. [18]) is **GRANTED**.

2. That judgment in the amount of $35,132.97 be entered against the Defendant Circle B Excavating and in favor of the Plaintiffs, and that judgment in the

amount of $18,182.14 be entered against the Defendant Brian Backstrom and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  July 1, 2013       s/Donovan W. Frank
                           DONOVAN W. FRANK
                           United States District Judge